|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | JS-6 |

### CIVIL MINUTES -- GENERAL

| Case No. | **ED CV 21-472-JFW(SKHx)** | Date: December 6, 2021 |
|---|---|---|

Title:       Whitehorn Construction, Inc. -v- Berean Healthcare Staffing, Inc., et al.

---

**PRESENT:**

       **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DISMISSING ACTION**

     On April 7, 2021, the Court issued a Scheduling and Case Management Order ("CMO"). *See* Docket No. 8.  The CMO set December 1, 2021 as the deadline for the parties to file or submit the proposed Pretrial Conference Order, the Memorandum of Contentions of Fact and Law, the Pretrial Exhibit Stipulation, the Summary of Witness Testimony and Time Estimates, and the Status Report Re: Settlement, Agreed Upon Set of Jury Instructions, Verdict Form and Joint Statement of Disputed Jury Instructions (the "Pretrial Documents").

     As of the date of this Order, Plaintiff Whitehorn Construction, Inc. ("Whitehorn") has failed to file any of the required Pretrial Documents. The Ninth Circuit has explained the importance of complying with a district court's CMO:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [plaintiff's] case.  Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quoting *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D.C. Me. 1985)).

     In this case, Whitehorn's failure to comply with the CMO has made it impossible for the Court to prepare for the Pretrial Conference and the Trial.  The Ninth Circuit has explained that "[d]istrict courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir.1986).  A court may dismiss an action with prejudice or strike

a defendant's answer and enter default against that defendant, based on a party's failure to obey a court order.  See, e.g. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Board of Trustees of Kern County Elec. Pension Fund v. Burgoni*, 2011 WL 6002889 (E.D. Cal. Nov. 30, 2011) (defendant's answer stricken and default entered for failing to comply with a court order). For all the foregoing reasons, the Court concludes that Whitehorn is in clear violation of this Court's CMO, and, as a result, this action should be dismissed for failure to prosecute.

Accordingly, this action is **DISMISSED**.  The Pretrial Conference, currently scheduled for December 10, 2021 and the Trial, currently scheduled for December 28, 2021, at 8:30 a.m., are hereby **VACATED**.

IT IS SO ORDERED.